UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. ~~14-cr-20154~~ 15-20154 |
| Plaintiff, | District Judge Linda V. Parker |
| v. | Magistrate Judge Michael J. Hluchaniuk |
| SERGIO COLLINS | <u>Offense</u>: 21 U.S.C. §841(a)(1)<br>Possession with intent to distribute heroin |
| Defendant. | <u>Statutory Penalties</u>:<br>Imprisonment – up to 20 years<br>Supervised Release – at least 3 years<br>Fine – up to $1,000,000 |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant and the government agree as follows:

**1.     GUILTY PLEA**

   **A.     Count of Conviction**

Defendant will enter a plea of guilty to count three of the indictment, which charges defendant with possession with intent to distribute heroin, in violation of 21 U.S.C. §841(1)(a).

**B.**     **Elements of Offense**

The elements of count one are:

1.     Defendant knowingly or intentionally possessed a mixture or substance containing a detectable amount of heroin.

2.     Defendant possessed the heroin with the intent to distribute it.

**C.**     **Factual Basis for Guilty Plea**

The parties agree that the following facts are true, and are a sufficient basis for defendant's guilty plea:   On October 2, 2014, Collins sold 50 grams of heroin to another individual in the city of Flint in the Eastern District of Michigan. A search of Collins residence, which also is located in the city of Flint, resulted in the recovery of heroin and a quantity of crack cocaine. Collins possessed the heroin he later sold, as well as the controlled substances found in his residence, with an intent to distribute them. As part of this course of conduct, Collins also sold heroin on other occasions. The parties agree that the amount of heroin involved for the purposes of sentencing guidelines is between 100-400 grams, and that Collins obstructed justice when he: 1) left court immediately before his appearance claiming diarrhea; and 2) failed to voluntary re-appear in court despite being ordered to do so.

2.     **SENTENCING GUIDELINES**

   A.     **Standard of Proof**

The court will find sentencing factors by a preponderance of the evidence.

   B.     **Stipulated Guideline Range**

The parties disagree only on the applicability of the following guideline:

3C1.1 Obstructing or Impeding the Administration of Justice

The government recommends that the court determine that defendant's guideline range is 70-87 months, as set forth on the attached worksheets. Defendant recommends that the court determine that his/her guideline range is 57-71 months, based on the above guideline dispute.   The court is not bound by either party's recommendation concerning the guideline range, and defendant understands that he/she will not have a right to withdraw his/her guilty plea if the court does not follow his/her recommendation.

   If the court finds: (a) that defendant's criminal history category is higher than reflected on the attached worksheets, or, (b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his/her probation officer; committed a new crime; otherwise demonstrated a lack of acceptance of responsibility for his/her offense; or

obstructed justice, and if any such finding results in a guideline range higher than is recommended by a party, then the higher guideline range becomes that party's recommended range.   However, if the court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in either party's recommended range.

Based on the present circumstances, the U.S. Attorney recommends that defendant be granted a reduction of two levels for acceptance of responsibility. The U.S. Attorney may recommend against giving defendant credit for acceptance of responsibility if, after the guilty plea has been entered, the U.S. Attorney's office learns of information inconsistent with the adjustment.   Additionally, the U.S. Attorney agrees that defendant has assisted the authorities, within the meaning of USSG §3E1.1(b), in the prosecution of defendant's own misconduct by timely notifying authorities of the intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.   The U.S. Attorney therefore moves that defendant be granted a third level reduction for acceptance of responsibility.

Neither party may take a position in this court contrary to any position of that party as stated above, except as necessary to the court's determination regarding defendant's criminal history; acceptance of responsibility, and obstruction of justice.

**3.**   **SENTENCE**

The court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

**A.**   **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by paragraph 2B of this agreement.

**B.**   **Supervised Release**

A term of supervised release follows the term of imprisonment.   The court **must** impose a term of supervised release on Count one of no less than three years but no more than life. The agreement concerning imprisonment described above does not apply to any term of imprisonment that results from any later revocation of supervised release.

**C.**   **Special Assessment**

Defendant will pay a special assessment of **$100**.

D.     **Fine**

The court may impose a fine on each count of conviction in any amount up to

**$1,000,000**.

Defendant shall report promptly all "windfalls" such as inheritances and

lottery winnings of $500 or more to the defendant's federal probation officer and

shall apply that money to defendant's unpaid financial obligations to the court,

including any restitution owed to victim(s).

E.     **Restitution**

The court may order community restitution pursuant to 18 U.S.C. § 3663(c).

4.     **OTHER CHARGES**

If the court accepts this agreement, the government will: 1) not bring

additional charges against defendant based on any of the conduct reflected in the

attached worksheets or factual basis for the plea and 2) the government will dismiss

counts 1, 2, and four of the indictment. Finally, the government has been informed

by the Texas County, Oklahoma District Attorney that they will dismiss their

probation violation petition if the court accepts this agreement.

5.   **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the court finds the correct guideline range to be less than that to which the parties have stipulated.

Defendant may withdraw from this agreement, and may withdraw his/her guilty plea, if the court decides to impose a sentence higher than the maximum allowed by this agreement.   This is the only reason for which defendant may withdraw from this agreement.   If defendant decides not to withdraw his/her guilty plea pursuant to this provision, the sentence that the court imposes may be greater than that allowed by this agreement.

6.   **APPEAL WAIVER**

If the sentence imposed does not exceed the maximum allowed by this agreement, defendant waives the right to appeal his/her conviction or sentence on any grounds.   If the sentence imposed is within the guideline range determined pursuant to this agreement, the government agrees not to appeal the sentence but retains its right to appeal any sentence below that range.   Nothing in this waiver shall be construed to bar a claim of ineffective assistance of counsel, provided that the defendant properly raises such claim by collateral review under 28 U.S.C. § 2255.

7.   **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his/her guilty plea, or if any conviction entered pursuant to this agreement is vacated or set aside for any reason, any charges dismissed pursuant to this agreement and additional charges which relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, may be filed against defendant within six months after the order vacating defendant's conviction or allowing him/her to withdraw his/her guilty plea becomes final.   Defendant waives his/her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.   **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the U. S. Attorney's Office for the Eastern District of Michigan.

9.   **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.   Except as provided in the next paragraph, this agreement supersedes all other promises and agreements made at any

time between the parties concerning the subject matter of this plea agreement before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant before defendant pleads guilty are binding unless they have been explicitly incorporated into this agreement.

However, unless expressly stated herein, this agreement does not supersede or abrogate the terms of any cooperation agreement between the parties, and each party retains whatever obligations and protections that exist under such cooperation agreement. Similarly, unless expressly stated herein, this agreement does not supersede or abrogate the terms of any proffer letter (often referred to as a "Kastigar letter"), pursuant to which defendant agreed to provide information to the government to assist the government in determining how to resolve the matter, but which also provided defendant certain protections in the form of agreed upon restrictions on the government's ability to use the information provided. Unless expressly stated herein, the terms and conditions of any such proffer letter remain operative and binding on the parties according to the terms of that proffer letter.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

10.   **ACKNOWLEDGMENT**

Defendant understands that a felony conviction makes it illegal under most circumstances for a person to possess or receive a firearm or ammunition.

11.   **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. **four days** prior to the plea cut-off date. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Barbara L. McQuade
United States Attorney

_____
Anthony P. Vance
Assistant U.S. Attorney
Deputy Chief, Branch Offices

Date:

_____
Christopher W. Rawsthorne
Assistant U.S. Attorney

7/29/15

By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its terms. Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

_____
Richard Morgan
Attorney for Defendant
Date: 7/07/15

_____
Sergio Collins
Defendant

7/7/15

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2D1.1(a)(5) | Possession with Intent to Distribute Heroin (100-400g) | 24 |
| | | |
| | | |
| | | |
| | | |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 3C1.1 | Obstruction of Justice-Failure to Appear | 2 |
| | | |
| | | |
| | | |

A-1

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

26

************************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*



A-2

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

# **WORKSHEET B (Multiple Counts)**

## **Instructions (U.S.S.G. ch. 3, pt. D):**

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

5. **TOTAL UNITS**

B-1

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

6. **INCREASE IN OFFENSE LEVEL**

    1 unit ⟶ no increase     2 1/2 – 3 units ⟶ add 3 levels

    1 1/2 units ⟶ add 1 level    3 1/2 – 5 units ⟶ add 4 levels

    2 units ⟶ add 2 levels      > 5 levels ⟶ add 5 levels

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

8. **COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.

B-2

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**                                              **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                                              **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                                              **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

C-1

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 5/18/09 | | Poss F/A by Felon, RCSP200-1K | 180 D Jail, 3 yrs prob | | 2 |
| 11/5/07 | | Cntrld Sub Poss less than 25 grams | prob; revoked; 180 days jail | | 2 |
| 5/4/13 | | PWID- Marijuana | 10 years probation | | 1 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\* If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only two situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

| 2 |
|---|

**3.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.  But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE: No more than 3 points may be added under this item.

| |
|---|

**4.   TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

| 7 |
|---|

**5.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

| IV |
|---|

C-3

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

## WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   26

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   3

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   23

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   IV

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   70-87

   months

D-1

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

## WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**
   a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

   [×] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

   [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. Length of Term of Probation (U.S.S.G. § 5B1.2)

   [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6)

   [ ] 2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [×] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**
   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

**4.   SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a.   <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.   <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

      ☐ 1.   At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

      ☐ 2.   At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

      ☐ 3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

      ☒ 4.   The statute of conviction requires a minimum term of supervised release of <u>3</u> years.

    c.   Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.   RESTITUTION (U.S.S.G. § 5E1.1)**

      ☐ 1.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

      ☐ 2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $_____.

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

☐    3.   The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☒    4.   The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $1,000,000_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐    5.   Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

a.   <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.   <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

| <u>Minimum Fine</u> | <u>Maximum Fine</u> |
|---|---|
| $0 | $1,000,000 |

| Defendant: | Sergio Collins | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 21 USC 841(a)(1) |

### 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100.00 .

### 8. FORFEITURE (U.S.S.G. § 5E1.4)

☐ Assets of the defendant will be forfeited.    ☒ Assets of the defendant will not be forfeited.

### 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

_____

### 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

Rev. 07/13

E-4